SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**John Giovanni Granata v. Edward F. Broderick, Jr. (A-31/32-16) (078207)**

**(NOTE: The Court did not write a plenary opinion in this case. Instead, the Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Guadagno's written opinion, which is published at 446 N.J. Super. 449 (App. Div. 2016).)**

**Argued October 24, 2017 -- Decided November 14, 2017**

**PER CURIAM**

In this appeal, the Court considers whether an attorney's pledge of anticipated attorney's fees can be considered an account receivable and secured under Article 9 of the Uniform Commercial Code (UCC), and whether the lender here complied with the requirements of the UCC to perfect its security interest.

In 2007, plaintiff John Giovanni Granata retained Diane Acciavatti to bring a legal malpractice complaint against defendants Edward F. Broderick Jr., and Broderick, Newmark, & Grather. Acciavatti accepted a $10,000 retainer and agreed to a contingent fee arrangement. After a jury trial, Granata was awarded a judgment of $1,597,193, and the trial judge granted Acciavatti's motions for fees, costs, and pre-judgment interest. Defendants appealed, and Granata filed a cross-appeal. Acciavatti had an oral agreement with Granata to represent him at $350 per hour and told him she would seek counsel fees from defendants after the appeal.

While the appeal was pending, Acciavatti withdrew from the practice of law. In April 2013, Dominic Caruso was appointed attorney-trustee for Acciavatti's practice. On March 28, 2013, the firm of Roper & Twardowsky, LLC (the Roper firm), filed a substitution of counsel form for Acciavatti. In July 2013, the Appellate Division reversed and remanded for a new trial. In January 2014, following a two-day mediation, the case settled for $840,000. Three of Acciavatti's creditors then claimed liens upon any legal fees owed to her from the case.

The Gourvitz Lien: Acciavatti agreed to pay Gourvitz & Gourvitz, LLC, and Elliot H. Gourvitz (collectively Gourvitz) $82,500 from fees she expected to receive in the Granata v. Broderick matter. On August 19, 2011, a trial judge entered an order declaring that a "lien is placed on the file in the Granata v. Broderick matter in favor of [Gourvitz] for the sum of $82,500" and that there would be no disbursements of attorney's fees to Acciavatti in Granata v. Broderick until the fees were paid to Gourvitz. On October 6, 2011, Acciavatti defaulted on the consent judgment, and a $98,638.65 judgment was entered against her. On November 4, 2011, the judgment was recorded as a lien. On August 19, 2013, Gourvitz filed a writ of execution.

The Rotenberg Lien: On March 21, 2011, Acciavatti agreed to pay the accounting firm of Rotenberg, Meril, Solomon, Bertiger & Guttilla, P.C. (Rotenberg), $75,000 as part of a settlement agreement. Acciavatti signed an affidavit of judgment by confession and agreed to assign a lien on recovery of any attorney's fees due in Granata v. Broderick. The agreement provided that if Acciavatti defaulted on her obligation, the amount due would increase to $151,652.42, less any payments Acciavatti made toward the debt. Acciavatti then defaulted and, on December 28, 2012, a final judgment of default was entered against Acciavatti in the amount of $133,652.42. The judgment was recorded as a lien on January 24, 2013. In January 2014, a writ of execution was filed.

The OKS Lien: On October 27, 2010, OKS Realty (OKS) loaned Diane Marie Acciavatti, LLC (Acciavatti, LLC) $125,000. On that date, a security agreement, a promissory note, and a guaranty of payment were all signed by Acciavatti on behalf of Acciavatti, LLC. The security agreement identified as "collateral" the legal fees owed to Acciavatti. On December 2, 2010, OKS filed a UCC-1 financing statement with the Department of Treasury, which listed as debtors both Acciavatti, LLC, and Acciavatti individually as guarantor of the loan. The statement listed as collateral the attorney's fees due to Acciavatti in the litigation captioned Granata v. Broderick.

On February 12, 2014, Granata, through the Roper firm, initiated this current action by filing a motion seeking "an order declaring that no attorney's lien attaches to any settlement proceeds payable to [Granata]." On March 14, 2014, the judge who had presided over the original trial heard argument on Granata's motion. The judge determined that Granata was entitled to two-thirds of the settlement amount and ordered Broderick to issue a check for the full settlement amount of $840,000 to the Roper firm, with two-thirds to be released to Granata and one-third to be held in escrow for any subsequent award of attorney's fees. Acciavatti acknowledged that any fee award was first "subject to allocation between [her] and [the Roper firm]" and would then be distributed among her creditors.

On July 7, 2014, the Roper firm informed trustee Caruso that the Roper firm and Granata agreed to a flat fee of $40,000. The judge indicated that, of the $279,720 available for distribution, $40,000 would go to the Roper firm. The judge then addressed distribution of Acciavatti's attorney's fee award to her creditors. The judge determined that OKS was last in priority because the $840,000 settlement was not finalized until January 2014, and before that, OKS had "done nothing but filed a UCC back in 2010 . . . on an asset that didn't exist until four years later." The judge reasoned that OKS had "a security interest in something that didn't even exist," while Rotenberg and Gourvitz both had judgments and issued writs of execution. On January 26, 2015, the judge entered an order memorializing the court's January 9, 2015 decision, setting the amounts to be distributed and the order of priority of Acciavatti's creditors: (1) $83,284.97 to Gourvitz; (2) $133,652.42 to Rotenberg; and (3) $13,185.05 to OKS.

OKS appealed, claiming error in its placement last in priority among Acciavatti's creditors. The Appellate Division agreed and vacated the order setting distribution priorities. 446 N.J. Super. 449, 478 (App. Div. 2016).

The appellate panel considered whether Acciavatti possessed an interest in her anticipated legal fees in 2010 and whether OKS's UCC filing granted it a perfected interest in those fees. Id. at 474. The panel reasoned that, "[i]f both questions [we]re answered in the affirmative, OKS, as a perfected secured creditor, would enjoy priority over Gourvitz and Rotenberg, who are subsequent lien creditors seeking to levy on the same collateral." Ibid. (citing Shaw Mudge & Co. v. Sher-Mart Mfg. Co., 132 N.J. Super. 517, 521 (App. Div. 1975)).

The panel noted that, "[a]lthough no reported New Jersey case has considered whether an attorney's pledge of an anticipated counsel fee can be considered a receivable under UCC Article 9, other courts have uniformly held that contracts for legal fees, including fees in pending contingency fee cases, are accounts for Article 9 purposes." Id. at 476 (collecting cases). The panel expressed agreement with the cited decisions and held "that, under certain circumstances, an attorney's pledge of anticipated counsel fees can be considered an account receivable and secured under Article 9." Ibid. The panel observed that "OKS met the requirements of N.J.S.A. 12A:9-203 for its security interest to attach to Acciavatti's counsel fees." Ibid. The panel also noted that "[t]he OKS security agreement described the collateral as Acciavatti's attorney's fees in this case and Acciavatti had a transferrable interest to the collateral, as the anticipated attorney's fees qualified as an account under N.J.S.A. 12A:9-102(a)(2)." Ibid. Finally, the panel remarked that "OKS also complied with the requirements to perfect its security interest under N.J.S.A. 12A:9-310(a) and -315(a)(2) by filing a financing statement covering the collateral of Acciavatti's anticipated counsel fees." Ibid. "When OKS filed its financing statement on December 2, 2010," the panel reasoned, "it perfected its security interest in Acciavatti's anticipated legal fees, whether owed to Acciavatti or Acciavatti, LLC. As such, OKS's security interest was perfected before Gourvitz or Rotenberg obtained their liens and, therefore, OKS enjoyed priority over both." Id. at 476-77. The panel added that the "decision vacating the jury verdict had no effect on Acciavatti's claim for fees for work she had already performed on the case." Id. at 477.

Gourvitz and Rotenberg petitioned for certification. The Court granted certification to review petitioners' challenges to the determinations regarding the distribution priorities of the attorney's fee award, more specifically the rulings that an attorney's pledge of anticipated attorney's fees can be considered an account receivable and secured under Article 9 of the UCC, and that the lender here complied with the requirements of the UCC to perfect its security interest by filing a financing statement covering the collateral of the anticipated attorney's fees. 228 N.J. 520 (2017).

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in those parts of Judge Guadagno's opinion addressing the distribution priorities of the attorney's fee award.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

2

JOHN GIOVANNI GRANATA,

    Plaintiff,

        v.

EDWARD F. BRODERICK, JR.,
ESQ., an Attorney at Law of
the State of New Jersey;
BRODERICK, NEWMARK & GRATHER,

    Defendants.

_____

ROTENBERG, MERIL, SOLOMON,
BERTIGER & GUTILLA, P.C.; and
ELLIOT H. GOURVITZ, ESQ.,

    Intervenors-Appellants.

_____

JOHN GIOVANNI GRANATA,

    Plaintiff,

        v.

EDWARD F. BRODERICK, JR.,
ESQ., an Attorney at Law of
the State of New Jersey;
BRODERICK, NEWMARK & GRATHER,

    Defendants.

_____

OKS REALTY,

    Intervenor-Respondent,

        and

ROTENBERG, MERIL, SOLOMON,
BERTIGER & GUTILLA, P.C.; and
ELLIOT H. GOURVITZ, ESQ.,

     Intervenors-Appellants.


Argued October 24, 2017 - Decided November 14, 2017

On certification to the Superior Court,
Appellate Division, whose opinion is
reported at 446 N.J. Super. 449 (App. Div.
2016).

Robert L. Podvey argued the cause for
appellant Rotenberg, Meril, Solomon,
Bertiger & Gutilla, P.C. (Connell Foley,
attorneys; Robert L. Podvey, of counsel and
on the brief).

Ari H. Gourvitz argued the cause for
appellant Elliot H. Gourvitz, Esq. (Gourvitz
& Gourvitz, attorneys; Ari. H. Gourvitz, on
the briefs).

Robyne D. LaGrotta argued the cause for
respondent OKS Realty (LaGrotta Law,
attorneys; Robyne D. LaGrotta, of counsel
and on the briefs).

PER CURIAM

    The Court granted certification to review petitioners'

challenges to the Superior Court, Appellate Division's

determinations regarding the distribution priorities of the

attorney's fee award, more specifically the rulings that an

attorney's pledge of anticipated attorney's fees can be

considered an account receivable and secured under Article 9 of

the Uniform Commercial Code (UCC), and that the lender here

complied with the requirements of the UCC to perfect its

security interest by filing a financing statement covering the collateral of the anticipated attorney's fees.  Having considered the parties' arguments presented in their briefs and at oral argument, the judgment of the Appellate Division is affirmed substantially for the reasons expressed in those parts of Judge Guadagno's opinion addressing the distribution priorities of the attorney's fee award, reported at 446 N.J. Super. 449 (App. Div. 2016).


     CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.